Filed 10/9/15  P. v. Edward CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>MEL TYRONE EDWARD,<br><br>     Defendant and Appellant. | B257940<br><br>(Los Angeles County<br>Super. Ct. No. BA180721) |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

Nancy L. Tetreault, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Noah P. Hill and Mary Sanchez, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant Mel Tyrone Edward appeals from a post conviction order denying his petition for resentencing as a second-strike offender under Proposition 36, the Three Strikes Reform Act of 2012. (Pen. Code, § 1170.126.)[1] The trial court denied the petition on the ground that resentencing defendant would create an "unreasonable risk of danger to public safety." (§1170.126, subd. (f).) Defendant argues that because Proposition 47, the Safe Neighborhoods and Schools Act, provides a different definition of "unreasonable risk of danger to public safety" than the one provided in Proposition 36, he is entitled to a new suitability hearing under the revised standard. We do not agree, and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In October 1999, defendant was convicted by a jury of one felony count of possession of crack cocaine. (Health & Saf. Code, § 11350, subd. (a).) He was found to have sustained two prior felony strike convictions for second degree robbery, and to have served two prior prison terms. After his *Romero*[2] motion was denied, he received a third-strike sentence of 27 years to life. (§§ 667, subd. (e)(2), 1170.12, subd. (c)(2), 667.5, subd. (b).) We affirmed his conviction in a prior appeal. (*People v. Edward* (Oct. 10, 2000, No. B136661) [nonpub. opn.].)

In November 2012, California voters approved Proposition 36, which amended the Three Strikes law by limiting the imposition of an indeterminate life sentence to those defendants whose third felony is defined as serious or violent. (§ 1170.126, subd. (b).) Proposition 36 also allowed those serving indeterminate life sentences for a third felony that is neither serious nor violent to "seek court review of their indeterminate sentences

---

[1] Unless otherwise indicated, all further undesignated statutory references are to the Penal Code.

[2] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497. *Romero* held that a trial court may strike or vacate a prior serious and/or violent felony conviction pursuant to section 1385, subdivision (a). Such rulings are reviewed for abuse of discretion. (*Id.* at p. 504.)

2

and, under certain circumstances, obtain resentencing as if they had only one prior serious or violent felony conviction. According to the specific language of [Proposition 36], however, a current inmate is not entitled to resentencing if it would pose an unreasonable risk of danger to public safety." (*People v. Superior Court* (*Kaulick*) (2013) 215 Cal.App.4th 1279, 1285–1286.)

In May 2013, defendant filed a timely petition for resentencing as a second-strike offender under Proposition 36. (§ 1170.126, subd. (b).)[3] He argued that because his third felony conviction for possession of crack cocaine is neither serious nor violent, he is eligible for resentencing. (§ 1170.126, subd. (e)(1).)[4] The trial court found he had made a prima facie showing of eligibility, and issued an order to show cause as to why the petition should not be granted.

---

[3] "Any person serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12 upon conviction, whether by trial or plea, of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7, may file a petition for a recall of sentence, within two years after the effective date of the act that added this section or at a later date upon a showing of good cause, before the trial court that entered the judgment of conviction in his or her case, to request resentencing in accordance with the provisions of subdivision (e) of Section 667, and subdivision (c) of Section 1170.12, as those statutes have been amended by the act that added this section." (§ 1170.126, subd. (b).)

[4] "An inmate is eligible for resentencing if: [¶] (1) The inmate is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or subdivision (c) of Section 1170.12 for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7. [¶] (2) The inmate's current sentence was not imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12. [¶] (3) The inmate has no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." (§ 1170.126, subd. (e).)

The People argued the petition should be denied because resentencing defendant as a second-strike offender would pose an unreasonable risk of danger to public safety. Under section 1170.126, subdivision (f), a petitioner who is otherwise eligible for resentencing "shall be resentenced . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." In determining whether there is an "unreasonable risk of danger to public safety," the court may consider: "(1) The petitioner's criminal conviction history, including the type of crimes committed, the extent of injury to victims, the length of prior prison commitments, and the remoteness of the crimes; [¶] (2) The petitioner's disciplinary record and record of rehabilitation while incarcerated; and [¶] (3) Any other evidence the court, within its discretion, determines to be relevant in deciding whether a new sentence would result in an unreasonable risk of danger to public safety." (§ 1170.126, subd. (g).)

The court held a suitability hearing at which evidence and arguments were presented by both parties. After taking the matter under submission, the court denied the petition on the ground that resentencing defendant would pose an unreasonable risk of danger to public safety.[5] This timely appeal followed. (§ 1237, subd. (b); *Teal v. Superior Court* (2014) 60 Cal.4th 595, 601.)

## DISCUSSION

While this appeal was pending, the voters approved Proposition 47. In relevant part, Proposition 47 amended section 11350 of the Health and Safety Code. Before the amendment, "possession of the controlled substances designated in subdivision (a) of that section was a felony and possession of the controlled substances designated in subdivision (b) was a wobbler. (Health & Saf. Code, former § 11350, subds. (a), (b).) [fn. omitted]" (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1092.) "As amended by Proposition 47, Health and Safety Code section 11350 now provides that a violation of

---

[5] Because defendant makes no claim of insufficiency of the evidence, we do not discuss the evidence presented at the suitability hearing.

that section is a misdemeanor, unless the defendant 'has one or more prior convictions' for an offense specified in Penal Code section 667, subdivision (e)(2)(C)(iv)—which lists serious and violent felonies that are sometimes referred to as '"super strike" offenses'— or for an offense that requires the defendant to register as a sex offender under section 290, subdivision (c). Such ineligible defendants 'may instead be punished pursuant to subdivision (h) of Section 1170.' (Health & Saf. Code, § 11377, subd. (a).)" (*Rivera*, *supra*, 233 Cal.App.4th at p. 1092.)[6]

Proposition 47 created a post conviction resentencing procedure that allows a defendant to petition to have a qualifying felony conviction designated as a misdemeanor. (§1170.18, subd. (a).) Using the same language as Proposition 36, Proposition 47 states that if the petitioner is eligible for resentencing, the petition shall be granted "unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§§ 1170.126, subd. (f), 1170.18, subd. (b).) It similarly allows the court to consider the petitioner's criminal conviction history, disciplinary record, and any other evidence that is relevant to determining

---

[6] The disqualifying "super strike" and sexually violent offenses are:

"(I) A 'sexually violent offense' as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code.

"(II) Oral copulation with a child who is under 14 years of age, and who is more than 10 years younger than he or she as defined by Section 288a, sodomy with another person who is under 14 years of age and more than 10 years younger than he or she as defined by Section 286, or sexual penetration with another person who is under 14 years of age, and who is more than 10 years younger than he or she, as defined by Section 289.

"(III) A lewd or lascivious act involving a child under 14 years of age, in violation of Section 288.

"(IV) Any homicide offense, including any attempted homicide offense, defined in Sections 187 to 191.5, inclusive.

"(V) Solicitation to commit murder as defined in Section 653f.

"(VI) Assault with a machine gun on a peace officer or firefighter, as defined in paragraph (3) of subdivision (d) of Section 245.

"(VII) Possession of a weapon of mass destruction, as defined in paragraph (1) of subdivision (a) of Section 11418.

"(VIII) Any serious and/or violent felony offense punishable in California by life imprisonment or death." (§§ 667, subd. (e)(2)(C)(iv), 1170.18, subd. (c).)

whether a new sentence would result in an unreasonable risk of danger to public safety. (Compare § 1170.18, subds. (b)(1), (2) & (3) with § 1170.126, subds. (g)(1), (2) & (3).)

But unlike Proposition 36, Proposition 47 contained additional language that according to defendant redefined the "unreasonable risk of danger to public safety" standard throughout the Penal Code. The additional language states: "*As used throughout this Code*, 'unreasonable risk of danger to public safety' means an unreasonable risk that the petitioner will commit a new violent felony within the meaning of clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667." (§ 1170.18, subd. (c), italics added.)

Based on the theory that "this Code" means the Penal Code, defendant contends that Proposition 47 redefined the "unreasonable risk of danger to public safety" standard used in section 1170.126, and seeks a new suitability hearing under the new standard. The issue whether Proposition 47 implicitly amended Proposition 36 by redefining the "unreasonable risk of danger to public safety" standard in section 1170.126 is pending before the Supreme Court. (*People v. Chaney* (2015) 231 Cal.App.4th 1391, review granted Feb. 18, 2015, S223676; *People v. Valencia* (2014) 232 Cal.App.4th 514, review granted Feb. 18, 2015, S223825.)

Because we disagree with the assumption that "this Code" means the Penal Code, we reject the contention that Proposition 47 implicitly amended Proposition 36. If the drafters of Proposition 47 had intended to amend Proposition 36 in the manner argued by defendant, that intention would have been communicated by the language of Proposition 47 or its ballot materials.

Because we find no support for the theory that Proposition 47 implicitly amended the "unreasonable risk of danger to public safety" standard in section 1170.126, we conclude defendant is not entitled to a new suitability hearing.

6

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EPSTEIN, P. J.

We concur:


WILLHITE, J.


MANELLA, J.

7